Were this res integra, I should be of opinion that such evidence as is now offered ought to be received; and this opinion would be founded as well upon the act of Assembly as upon the common law. The act says a grant issued under certain circumstances shall be void; it is now said, and I believe properly, that equity will not repeal the grant. The sci. fa. issues in England from the court of chancery on the law side, and is returned into that court for judgment, after a trial upon the issue of fact in the King's Bench; or, in case of a demurrer, judgment is given by the chancellor without sending the record out of his court at all. It would seem to follow from hence, that a sci. fa. to repeal a grant could not issue from this Court, and if it cannot, there remains no other mode of avoiding the grant but by showing its invalidity in an action. It is evident the act of Assembly intended that the grant should be avoided in a court of law; for at the time of passing the act of 1777, and for five years afterwards, no court of equity existed in this State. With respect to the common law, I have no doubt but that such evidence might be received; the authorities cited at the bar prove it; and there is a case of ejectment, 10 Co. Re., 109, in which the effect (498) of a grant was avoided by evidence given to the jury to show its invalidity. There are other cases in trespass, and other actions reported by the same author, where grants coming incidentally to be examined before the Court were avoided upon testimony given to the jury. There are two ways at common law of impeaching a grant: either upon a trial at law, where the validity of the grant comes in question, or where the party likely to be prejudiced by it, and apprehending a loss of evidence to prove its invalidity, brings a sci. fa. and obtains judgment of cancellation in repeal, and so destroys the grant itself; but there is no use of the latter proceeding, where the evidence to counteract the grant is as permanent in its nature as the grant itself; that is to say, where the evidence is of record. But though this would have been my opinion had no decisions taken place in our Court, I cannot now but consider myself bound by those adjudications which have *Page 400 
been made. It is better to adhere to them than to render the law uncertain by contrary decisions. I must, therefore, yield to the authority of the decisions, though I cannot concur with the reasons which have been given for them.